# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

TYRONE HARRIS,                           ]
                                         ]
    Petitioner,                      ]
                                         ]
vs.                                      ]   CIVIL ACTION NO. 06-KOB-RRA-0350-S
                                         ]
THE CITY OF BIRMINGHAM, et al.,          ]
                                         ]
    Respondents.                     ]

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The petitioner, Tyrone Harris, states that he was convicted on January 18, 2006, in the Birmingham Municipal Court, on his plea of guilty to third degree theft. He claims that he was sentenced to two years' probation. According to his petition, the conviction is currently pending on appeal in the Jefferson County Circuit Court.

The threshold issue to be resolved in federal habeas cases is whether the petitioner has exhausted all available state remedies. An application for writ of habeas corpus will not be considered unless the applicant has exhausted available state court remedies. 28 U.S.C. § 2254(b); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982). The exhaustion requirement is designed "to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights." *Ogle v. Estelle*, 592 F.2d 1264, 1267 (5th Cir. 1979). As a matter of comity, the rule requires the federal courts to allow the states the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's

conviction." *Fay v. Noia*, 372 U.S. 391, 438 (1963). Such a rule furthers the strong federal policy that federal courts should not unduly or prematurely interfere with state court proceedings.

Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the questions presented." *Rose v. Lundy*, 455 U.S. 509, 518 n.9 (1982). Pursuant to this provision, the courts have cautioned that the exhaustion requirement is not satisfied until the claim has been fully and fairly presented to the courts for consideration. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Heath v. Jones*, 863 F.2d at 818. Furthermore, the claim must be presented to state courts in such a way as to enable the state to entertain the claim on its merits.

By order entered February 22, 2006, the petitioner was ordered to show cause by March 9, 2006, why this action should not be dismissed, without prejudice, to allow him the opportunity to proceed with his claims in state court, allowing the state courts the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's conviction." *Fay*, 372 U.S. at 438. The petitioner has filed nothing in response to that order.

Accordingly, the petition is due to be DISMISSED without prejudice, to allow the petitioner to exhaust his claims in state court.

DONE this 15th day of March 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE